**[J-53-2021] [OAJC: Baer, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 6 EAP 2021 |
| | : | |
| Appellee | : | Appeal from the Order of Superior |
| | : | Court entered on July 29, 2020 at |
| | : | No. 3429 EDA 2018, affirming the |
| v. | : | Order entered on September 11, |
| | : | 2018 in the Court of Common Pleas, |
| | : | Philadelphia County, Criminal |
| DERRICK EDWARDS, | : | Division at Nos. CP-51-CR- |
| | : | 0002611-2013, CP-51-CR-0002614- |
| Appellant | : | 2013, CP-51-CR-0002617-2013, |
| | : | CP-51-CR-0002815-2013, CP-51- |
| | : | CR-0002820-2013, CP-51-CR- |
| | : | 0002853-2013, CP-51-CR-0002862- |
| | : | 2013 and CP-51-CR-0002864-2013. |
| | : | |
| | : | ARGUED:  December 7, 2021 |

**CONCURRING OPINION**

**JUSTICE MUNDY**                                     **DECIDED:  April 12, 2022**

As the remedy for a *Batson* violation has always been the grant of a new trial, I concur in the result reached in the opinion announcing the judgment of the court but stay distanced from its analysis.  In my view, while *Commonwealth v. Johnson*, 231 A.3d 807 (Pa. 2020) expanded double jeopardy protections from solely intentional conduct to also include reckless prosecutorial misconduct, it has no impact on the remedy for a *Batson* violation.

In *Johnson*, this Court discussed the varying degrees of prosecutorial misconduct that can occur during trial, and to what extent such conduct implicates the truth-seeking process, depriving a defendant of a fair trial, and thus implicating double jeopardy.  A

*Batson* violation is a wholly separate violation with a prescribed analysis and set remedy.[1] The opinion announcing the judgment of the court engages in separate discussions regarding the constitutional principles of *Batson* violations and double jeopardy implications of prosecutorial misconduct during trial; this separation illustrates the distinctiveness of these two principles. I would decline the invitation to comingle these disparate principles by assessing the egregiousness of the prosecutorial misconduct after the finding of a *Batson* violation on appeal in an attempt to assign a degree of egregiousness to the prosecutor's discriminatory intent.

Notably, Appellant did not cite, and the Commonwealth could not find through its own research, a single case where a retrial was precluded based on a *Batson* violation. This underscores what the Superior Court recognized on remand in *Basemore II*, that "nowhere in the [decades] of *Batson* jurisprudence has there been any suggestion that a *Batson* violation so subverts the truth[-]seeking process as to implicate double jeopardy concerns." *Commonwealth v. Basemore*, 875 A.2d 350, 357 (Pa. Super. 2005).

It is unsurprising that the double jeopardy bar does not apply in the *Batson* context, because *Batson* claims must be raised during *voir dire* and jeopardy does not attach until *after* a jury is fully seated and sworn. *Downum v. United States*, 372 U.S. 734 (1963). The analysis adopted in the opinion announcing the judgment of the court would only apply in the limited number of cases, such as here, where the appellate court, reviewing the record of *voir dire*, disagrees with the factual finding of the trial court that

---

[1] As noted in the opinion announcing the judgment of the court, we are not tasked with assessing whether a *Batson* violation occurred. This appeal solely deals with whether the remedy for such violation should be to dismiss the charges on double jeopardy grounds.

observed the proceeding, rendered credibility assessments, and concluded in the first instance that the strike in question was race neutral and a *Batson* violation did not occur.[2]

Thus, providing a double jeopardy bar for some *Batson* violations would lead to inconsistent results, in that this prescribed remedy simply would not apply in many categories of cases, such as when the *Batson* violation was remedied pretrial, was committed by the defense, or happened in the civil context. *See*, *e.g.*, *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 618-19 (1991) (finding *Batson* applies in civil cases). In fact, the retrial bar would potentially only apply in the instance presented here — where an alleged *Batson* violation was not remediated pretrial — such that the repercussion for the intentional discrimination *Batson* condemned would depend not on the fact of the violation, but on the circumstance and posture of the aggrieved party's case. It should be the error itself, and not the procedural posture that determines the remedy. In other instances of prosecutorial misconduct, the remedy is the same whether it is discovered during trial or post-conviction. Similarly, the remedy for an evidentiary challenge is the same whether it was granted by the trial court or remedied later on appeal: the defendant is given a trial untainted by the evidentiary error. In my view, in all situations where *Batson* has been violated the defendant should be afforded a trial before an appropriately selected jury.[3]

---

[2] The situation presented here occurs in only a small subset of cases, as *Batson* violations are typically remedied pretrial. Indeed, appellant's *amici* notes that, in the thirty-five years since *Batson* was decided, there have been a total of three hundred and fourteen post-trial *Batson* challenges reported in Pennsylvania — an average of less than ten per year — and of those, only twenty-three proved successful. *See* Brief for Amici Curiae, PA Association of Criminal Defense Lawyers and Defender Association of Philadelphia, at 12-13.

[3] Justice Donohue reaches the opposite conclusion and would instead bar retrial in every case where a defendant is tried by a jury composed in violation of *Batson*. Concurring and Dissenting Op. at 13-14. However, this Court has recognized that "the jeopardy

As such, I would adhere to the long-standing precedent that the remedy for a *Batson* violation is a new trial. Accordingly, I would affirm the Superior Court, which affirmed the trial court's denial of Appellant's motion to dismiss the charges on double jeopardy grounds.

Justice Dougherty joins this concurring opinion.

---

prohibition is not intended to penalize prosecutorial error[.]" *Johnson*, 231 A.3d at 826. Moreover, a key limitation to the jeopardy bar is "the strong societal interest in bringing the guilty to justice[.]" *Id* at 822. While *Batson* violations are undoubtedly harmful, a new trial vindicates the defendant's interest in a fair trial while respecting society's overarching interests and the public policy goal of protecting the public from criminal conduct.